IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

In Re:
JOSHUA MICHAEL POWELL,

       Claimant,

1:15-mc-00636-AA

**ORDER**

---

**AIKEN, Chief Judge:**

    This matter comes before the Court on Claimant's Motion for a Temporary Restraining Order (TRO) (#2). Claimant seeks to enjoin the Jackson County Sheriff's Office from removing him from property that he is attempting to adversely possess.

    The standard for a temporary restraining order (TRO) is essentially identical to the standard for a preliminary injunction. See <u>Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.</u>, 240 F.3d 832, 839, n. 7 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

1 - ORDER

is in the public interest." <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008).

Further, a TRO may only be issued without notice to the adverse party if the moving party shows "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[,]" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

As a final matter, the court may issue a temporary restraining order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

In this case, Claimant's filings indicate that he is attempting to claim real property by adverse possession. Claimant apparently initiated his attempted possession of the property on December 11, 2015, and was removed from the property by deputies of the Jackson County Sheriff's Office on December 12, 2015. Claimant seeks a temporary restraining order, apparently to prevent his removal from the property he is attempting to claim.

It appears that Claimant is attempting to claim a foreclosed property, apparently on the basis that the foreclosing entity was the recipient of federal loans and that this fact somehow renders the property unclaimed. Claimant has not demonstrated a likelihood of success on the merits. Claimant does not allege

2 - ORDER

that he will suffer irreparable harm in the absence of an injunction, nor does he allege that the balance of equities tips in his favor or that an injunction would be in the public interest.

Accordingly, I conclude that Claimant has not met the requirements for the issuance of a temporary restraining order.

### Conclusion

Claimant's Motion for a Temporary Restraining Order (#2) is DENIED.

IT IS SO ORDERED.
DATED this 20th day of January, 2016.

_____
ANN AIKEN
CHIEF JUDGE